**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               CRIMINAL ACTION NO. 5:06-cr-000124-03

BRIAN CROSS,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On December 2, 2009, the Defendant, Brian Cross, appeared in person and by counsel, S. Mason Preston, for a hearing on the *Report Of Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, Assistant United States Attorney. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On November 13, 2006, the Defendant was sentenced to a term of imprisonment of one hundred fifty-two days (time served) to be followed by a three year term of supervised release. The Defendant began serving the term of supervised release on November 15, 2006. On February 4, 2009 the *Report Of Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Report*, and that the evidence against the Defendant had been

disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Report*, specifically:

1. <u>Violation of an unnumbered standard condition: The defendant shall not commit another Federal, state or local crime.</u> On January 31, 2009, the offender was arrested by members of the Beckley Police Department in Beckley, West Virginia, and charged with the following violations of West Virginia Code:
60A-4-401(c): Possession of a controlled substance (less than fifteen grams of cocaine base);
61-7-7: Felon in possession of a firearm;
60A-4-401(a): Possession with intent to deliver a controlled substance;
60A-4-401(c): Possession of a controlled substance (less than fifteen grams of hydrocodone).

2. <u>Violation of standard condition No.7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substances or any paraphernalia related to such substances, except as prescribed by a physician.</u> [Probation Officer Amy Berry-Richmond] re-alleges the conduct alleged in violation number one. Additionally, the offender submitted a diluted urine specimen on January 27, 2009.

The Court made no finding with regard to the diluted urine specimen referenced in Violation 2.

In making these findings, the Court relied upon the information contained in the *Report*, and the Defendant's statement that he does not dispute the violations contained in the *Report*.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **18 MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons.

The Defendant was remanded to the custody of the United States Marshal.

**IT SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    December 3, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE